IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

```
                                )
IN RE                           )
                                )
ALEJO ORTEGA and                )   CASE NO. 10-40698-H3-13
TERESA ORTEGA,                  )
                                )
        Debtors,                )
                                )
```

MEMORANDUM OPINION

The court has held a hearing on the "Debtors' Motion for Determination of Fees, Expenses, or Charges Filed by Bank of Oklahoma Financial, NA DBA Bank of Oklahoma, NA" (Docket No. 90). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Alejo Ortega and Teresa Ortega ("Debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on December 1, 2010. Debtors' plan was confirmed on February 24, 2011, and a plan modification was approved by order entered on December 9, 2011.

On March 26, 2012, Bank of Oklahoma Financial, NA DBA Bank of Oklahoma, NA (the "Bank") filed a Notice of Mortgage

Payment Change, addressing a change in the Debtors' regular monthly mortgage payment in light of an escrow analysis.  (Docket No. 75).

On April 20, 2012, the Bank filed a Notice of Postpetition Mortgage Fees, Expenses, and Charges," stating an attorney fee of $50.00 for preparing the  Notice of Mortgage Payment Change.  (Docket No. 76).

In the instant motion, Debtors seek an order determining that the $50.00 charge is not recoverable, on grounds the services are clerical in nature.  (Docket No. 90).

In response to the instant motion, the Bank argues that attorney involvement is necessary in order to ensure that the notice is filed on the appropriate Official Form, relates back to the creditor's proof of claim, is filed no later than 21 days before a new payment change goes into effect, ensure that the new payment amount is supported by an escrow analysis that has been prepared by the creditor in conformity with RESPA, ensure that the reason for the change is properly disclosed and supported by adequate documentation, ensure that the notice is served on the debtor, debtor's counsel, and trustee, and ensure that the notice is timely and properly filed in conformity with the local rules of the various bankruptcy courts.  (Docket No. 113).

The Bank presented no evidence with respect to the instant motion.  Counsel for the Bank argued that he personally

Case 10-40698   Document 114   Filed in TXSB on 05/14/13   Page 3 of 4

reviews pay change notices against his clients' proofs of claim, hands it off to his legal assistant to prepare the Notice of Mortgage Payment Change, and sends the notice to his clients for review and execution.

## Conclusions of Law

Bankruptcy Rule 3002.1(e) provides:

> (e) Determination of fees, expenses, or charges. On motion of the debtor or trustee filed within one year after service of a notice under subdivision (c) of this rule, the court shall, after notice and hearing, determine whether payment of any claimed fee, expense, or charge is required by the underlying agreement and applicable nonbankruptcy law to cure a default or maintain payments in accordance with § 1322(b)(5) of the Code.

Rule 3002.1(e), Fed. R. Bankr. P.

In In re Boyd, Case No. 12-80400-H3-13, 2013 WL 1844076 (Bankr. S.D. Tex. 2013), this court addressed the reasonableness of fees sought for preparing a notice of mortgage payment change. The court found in Boyd, that in the absence of evidence, the claimant did not sustain its burden of proof as to the reasonableness of a $50 fee for preparing a notice of mortgage payment change. Boyd, citing In re Valdez, 324 B.R. 296 (Bankr. S.D. Tex. 2005).

Likewise, in the instant case, the claimant did not sustain its burden of proof as to the reasonableness of a $50
3

fee.[1]  The court concludes that the $50 fee for preparing the Notice of Mortgage Payment Change is not required by the underlying agreement and applicable nonbankruptcy law to cure a default or maintain payments in accordance with § 1322(b)(5) of the Code.

Signed at Houston, Texas on May 14, 2013.

*Letitia Z. Paul*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[1] The court notes that, although the rules have changed regarding the preparation of notices of mortgage payment change, it appears that a single instance changing the internal procedures of most mortgage creditors is necessary to ensure that the proper papers are filed.  The court does not anticipate awarding attorney fees for what should be routine internal procedural changes.